UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RICHARD GOSZTYLA, | No. 2:22-cv-01706-DJC-EFB (PC) |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A. JENKINS, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in this 42 U.S.C. § 1983 action. ECF No. 1. He has filed a motion for a temporary restraining order prohibiting prison officials from transferring him out of Mule Creek State Prison. ECF No. 25. For the reasons that follow, the motion must be denied.

**I.    Background**

This action proceeds on plaintiff's claims that defendant Jenkins improperly searched him in violation of the Fourth and Eighth Amendments and retaliated against him in violation of the First Amendment. ECF No. 7. In his motion for a temporary restraining order, plaintiff alleges that he "has been set to be transferred to Corcoran State Prison Level II Facility" in retaliation for "his multiple filed formal grievances and legal actions against defendant as well as other Mule Creek staff." ECF No. 25 at 1. According to plaintiff, an "override" entitles him to stay at Mule

1

Creek at least through September 2023, but prison officials have decided not to honor it. *Id.* at 1-2. The proposed transfer would disrupt plaintiff's education programming, interfere with his mental health, and disrupt his visitation from family members. *Id.* at 2. Plaintiff also states that CDCR knows that Corcoran will be dangerous for plaintiff, but he does not specify what dangers he faces there. *Id.* Plaintiff has filed grievances about the transfer, but they have been rejected because the decision to transfer plaintiff is not yet final. *Id.*

## II.     Analysis

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997) ("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

Plaintiff has not made the showing required to obtain preliminary injunctive relief. He offers no argument or evidence concerning the merits, balance of equities, or public interest, and offers only unsubstantiated and somewhat vague statements about the harm he will face if transferred to Corcoran.

More importantly, plaintiff's motion addresses conduct that is not a subject of this action (the decision by prison officials to transfer him), and therefore fails to demonstrate either a

1 likelihood of success on the merits or a serious question on the merits.  Generally, such
2 allegations must be pursued through the prison administrative process and then litigated in a
3 separate action.  *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam)
4 and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims
5 must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*,
6 No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15, 2011 WL 533755
7 (E.D. Cal. Feb. 11, 2011).

8 　　　　Nonetheless, where circumstances warrant, the court has authority to intervene regarding
9 conduct unrelated to the case's claims under The All Writs Act.  That Act gives federal courts the
10 authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and
11 agreeable to the usages and principles of law."  28 U.S.C. 1651(a).  The United States Supreme
12 Court has authorized the use of the All Writs Act in appropriate circumstances against persons
13 who, "though not parties to the original action or engaged in wrongdoing, are in a position to
14 frustrate the implementation of a court order or the proper administration of justice."  *United*
15 *States v. N.Y. Tel. Co.*, 434 U.S. 159, 173-74 (1977).  To obtain an order under the All Writs Act,
16 the requested order must be "necessary."  This language requires that the relief requested is not
17 available through some alternative means.  *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999).

18 　　　　The instant motion does not show that the court's intervention is necessary.  Plaintiff
19 retains alternative means to address the transfer; i.e., the prison's administrative process.
20 Moreover, plaintiff's motion does not demonstrate that the transfer would interfere significantly
21 with his ability to litigate this action such that the court's intervention is justified.  Accordingly,
22 the court recommends that the motion be denied at this time, without prejudice to any civil rights
23 action petitioner may file in the future alleging retaliation and/or interference with his right to
24 access the courts.
25 /////
26 /////
27 /////
28 /////

3

### III. Recommendation

Accordingly, it is hereby RECOMMENDED that petitioner's July 27, 2023 motion for a temporary restraining order (ECF No. 25) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 9, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE