1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD GOSZTYLA,                          No.  2:22-cv-01706-DJC-EFB (PC)

12                    Plaintiff,

13          v.                                    ORDER

14    A. JENKINS,

15                    Defendant.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  The case proceeds on plaintiff's claims that defendant Jenkins, an officer at Mule

19    Creek State Prison (MCSP), improperly searched plaintiff in violation of the Fourth and Eighth

20    Amendments and retaliated against him in violation of the First Amendment.  *See* ECF No. 1 at 5-

21    6, 10; ECF No. 7 at 2-3.  Before the court is plaintiff's motion to compel discovery (ECF No. 26),

22    which is fully briefed.  ECF Nos. 28 & 29.  For the reasons set forth below, the court grants

23    plaintiff's motion in part and denies it in part.

24          **I.      Plaintiff's Complaint**

25          Plaintiff alleges that, between November 2019 and January 2020, defendant Jenkins

26    conducted improper searches by taking plaintiff out of the dining hall line, pulling plaintiff's shirt

27    collar until it choked him, putting his knee in plaintiff's "anal region," groping plaintiff's crotch

28

                                                   1

for an unnecessarily long amount of time, and making lewd comments after the searches.  ECF No. 1 at 5.  Plaintiff further alleges that, after he filed a grievance against defendant in April 2020 about a different incident, defendant pulled out his baton in a threatening manner and said: "You want to write me up?  I'll beat your ass."  *Id.* at 10.  In its screening order, the court determined that plaintiff stated potentially cognizable claims that defendant Jenkins "improperly searched plaintiff in violation of the Fourth and Eighth Amendments, and also retaliated against plaintiff in violation of the First Amendment."  ECF No. 7 at 2.  The court dismissed various other claims with leave to amend, and plaintiff chose to proceed on the two claims described above.  ECF Nos. 7 & 10.

## II.    Applicable Legal Standards

### A.  Discovery Disputes

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  Such "motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).  An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action.  *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4

2

1   (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his

2   motion to compel, and, for each disputed response, inform the court why the information sought

3   is relevant and why defendant's objections are not justified.").

4           Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of

5   discovery permitted:

6               Parties may obtain discovery regarding any nonprivileged matter that
                is relevant to any party's claim or defense and proportional to the
7               needs of the case, considering the importance of the issues at stake
                in the action, the amount in controversy, the parties' relative access
8               to relevant information, the parties' resources, the importance of the
                discovery in resolving the issues, and whether the burden or expense
9               of the proposed discovery outweighs its likely benefit. Information
                within this scope of discovery need not be admissible in evidence to
10              be discoverable.

11  *Id.*  "Relevance for purposes of discovery is defined very broadly."  *Garneau v. City of Seattle*,

12  147 F.3d 802, 812 (9th Cir. 1998).  That said, "[t]he 2015 amendments to Rule 26(b)(1)

13  emphasize the need to impose 'reasonable limits on discovery through increased reliance on the

14  common-sense concept of proportionality.'"  *Roberts v. Clark County Sch. Dist*., 312 F.R.D. 594,

15  603 (D. Nev. 2016).  The fundamental principle of amended Rule 26(b)(1) is "that lawyers must

16  size and shape their discovery requests to the requisites of a case."  *Id.*  Discovery and Rule 26 is

17  intended to provide parties with "efficient access to what is needed to prove a claim or defense,

18  but eliminate unnecessary or wasteful discovery."  *Id.*  To the extent that the discovery sought is

19  "unreasonably cumulative or duplicative, or is obtainable from some other source that is more

20  convenient, less burdensome, or less expensive," the court is directed to limit the scope of the

21  request. Fed. R. Civ. P. 26(b)(2).  Limits should also be imposed where the burden or expense

22  outweighs the likely benefits.  *Id.*  How and when to so limit discovery, or to "issue an order to

23  protect a party or person from annoyance, embarrassment, oppression, or undue burden or

24  expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

25          *B.  Official Information Privilege*

26          Federal common law recognizes a qualified privilege for official information.  *See Kerr v.*

27  *U.S. Dist. Court for the N. Dist. of Cal*., 511 F.2d 192, 197-98 (9th Cir. 1975), aff'd 426 U.S. 394

28  (1976).  To determine whether the official information privilege applies, the court must balance

3

1    the interests of the party seeking discovery and the interests of the government entity asserting the

2    privilege.  *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).  In the context of a

3    civil rights action, "this balancing approach is moderately 'pre-weight[ed] in favor of

4    disclosure.'"  *Bryant v. Armstrong*, 285 F.R.D. 596, 605 (S.D. Cal. June 14, 2012) (quoting *Kelly*

5    *v. City of San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987)).

6         This court's duty to balance the parties' interests in disclosure are triggered when the

7    party opposing disclosure makes a "substantial threshold showing."  *Soto*, 162 F.R.D. at 613

8    (quoting *Kelly*, 114 F.R.D. at 669).  The party opposing disclosure "must submit a declaration or

9    affidavit from a responsible official with personal knowledge of the matters to be attested to in

10   the affidavit."  *Soto*, 162 F.R.D. at 613.  The declaration must include: "(1) an affirmation that the

11   agency has maintained the confidentiality of the documents at issue; (2) a statement that the

12   official has personally reviewed the documents; (3) a specific identification of the governmental

13   or privacy interests that would be compromised by production; (4) a description of how

14   disclosure subject to a carefully crafted protective order would create a substantial risk of harm to

15   these interests; and (5) a projection of how much harm would be done to these interests if

16   disclosure were made."  *Soto*, 162 F.R.D. at 613 (citing *Kelly*, 114 F.R.D. at 670).  "A strong

17   affidavit would also describe how the plaintiff could acquire information of equivalent value from

18   other sources without undue economic burden."  *Soto*, 162 F.R.D. at 613.

19        If the objecting party does not meet the requirements for invoking the privilege, a court

20   will typically overrule the privilege objection and order full disclosure.  *Bryant*, 285 F.R.D. at

21   605.  "[I]f the party meets this burden, courts generally conduct an in camera review of the

22   material and balances each party's interests."  *Davis v. Schneider*, 2020 WL 9074713 at *7 (C.D.

23   Cal. Dec. 18, 2020) (citing *Soto*, 162 F.R.D. at 613; *Kelly*, 114 F.R.D. at 671).

24        **III.    Motion to Compel**

25        In his opposition brief, defendant avers that the parties conducted discovery from April

26   10, 2023 to August 11, 2023, and that they met and conferred but were unable to reach an

27   agreement regarding the disputed responses.  ECF No. 28 at 2.

28   ////

4

1          *A. Interrogatories*

2          Defendant objected to each interrogatory in plaintiff's First Set of Interrogatories and did

3    not provide any responses.  Plaintiff argues defendant should be ordered to respond because

4    plaintiff seeks information showing "that [his] complaints are not isolated incidents, but that

5    Defendant has displayed an ongoing and repeated pattern of behavior over a long stretch of time,

6    against many victims, with many types of misconduct."  ECF No. 26 at 2-3.  The interrogatories

7    and responses are as follows:

8                    Interrogatory No 1: While working for the CDCR, in the last 5 years,
                     how many staff complaints have been filed on you by prisoners?
9

10   ECF No. 26 at 9.  Defendant objected on the grounds of relevance, noting that the request "is not

11   limited to complaints alleging similar conduct or circumstances . . . but rather all staff complaints

12   filed against Defendant by prisoners, regardless of the nature of the claims."  *Id*.

13                   Interrogatory No. 2: In the last 5 years, how many federal lawsuits
                     have been filed against you by prisoners?
14

15   ECF No. 26 at 9.  Defendant objected on grounds of relevance for the same reasons.  *Id*. at 9-10.

16                   Interrogatory No. 3: In the last 5 years, how many state lawsuits have
                     been filed against you by prisoners?
17

18   ECF No. 26 at 10.  Defendant objected on grounds of relevance for the same reasons.  *Id*. at 9-10.

19                   Interrogatory No. 4: In the last 5 years, how many prison rape
                     elimination act (PREA) cases or reports have been filed against you?
20

21   ECF No. 26 at 10.  Defendant objected on grounds of relevance, asserting that PREA cases were

22   not relevant to plaintiff's claims of improper search and retaliation.  *Id*. at 10-11.

23                   Interrogatory No. 6: In the last 5 years, how many inmate appeals
                     (602 grievances, IAC complaints, or any other CDCR complaints)
24                   have been filed against you?

25   ECF No. 26 at 11.  Defendant objected on grounds of relevance and overbreadth.  *Id*.

26                   Interrogatory No. 6: In the last five years, how many times have you
                     been investigated by the Office of Internal Affairs (OIA)?
27

28   ECF No. 26 at 11.  Defendant objected on grounds of relevance, asserting that "the request is

overly broad and disproportionate to the needs of the case because it is not limited to OIA investigations alleging similar conduct, behavior, or circumstances[.]" *Id*. at 12.

All six discovery requests are overbroad for the reasons cited by defendant.  However, plaintiff is entitled to certain discovery materials related to his Fourth and Eighth Amendment improper search claims and retaliation claim.  "'Other courts have found that prior complaints of misconduct made against a defendant are discoverable when sufficiently similar to the claims brought in the instant suit.'" *Kahaku v. Wallace*, No. 2:20-cv-1807-KJN-P, 2022 WL 2333725, *6 (E.D. Cal. June 28, 2022) (quoting *Henderson v. Lizzaraga*, 2020 WL 6820775 (E.D. Cal. Nov. 20, 2020) and collecting cases).  The court addresses this in its order, below.

### B.  Requests for Production

Similar in scope to the interrogatories, Plaintiff's First Request for Production of Documents (RFPs) sought the following documents for production and inspection:

1.  All staff complaints filed on you by prisoners in the last 5 years.

2.  All inmate appeals . . . filed on you by prisoners in the last 5 years.

3.  All investigations done by the Office of Internal Affairs in the last 5 years.

4.  All [PREA] cases or reports filed against you in the last 5 years.

5.  All federal lawsuits filed against you by prisoners in the last 5 years.

6.  All state lawsuits filed against you by prisoners in the last 5 years.

7.  All video footage from security cameras on the dates in question from Claims I, II, and II in plaintiff's complaint.

ECF No 16 at 15.  Defendant objected that these requests were overbroad and sought irrelevant documents.  ECF No. 26 at 18-23.

### 1.  Requests Related to Past Misconduct

In response to RFP Nos. 1 and 2 (staff complaints and inmate grievances), defendant invoked the official information privilege and withheld a number of complaints, identified by number.  ECF No. 26 at 19-21.  Defendant has filed a declaration by H. Fletes, the Grievance Coordinator at MCSP, who identifies a number of staff complaints and inmate appeals filed against Jenkins in the past five years, in response to RFP Nos. 1 and 2.  ECF No. 31, Def's

Exhibit A.  Fletes declares that, in all but one of the listed grievances, "there was insufficient evidence to support the inmates' claims and no violations of policy were found after investigation." *Id*. at 13 (Fletes Decl., ¶ 5).  Fletes declares that the one grievance that was sustained relates "to the use of personal protective equipment during Covid-19," unlike plaintiff's claims in this case.  *Id.*, (Fletes Decl., ¶ 6).  In the attached privilege log, defendant asserts the official information privilege for all documents responsive to RFP Nos. 1 and 2, based on Fletes' declaration that these records contain sensitive and confidential information related to non-parties and, even if redacted, "could provide sufficient information to identify the cooperating inmates." *Id.* (Fletes Decl., ¶ 7).  Fletes further declares that the records contain information about investigatory process and techniques used by staff which could, if disclosed, hinder CDCR and MCSP's ability to conduct investigations.  *Id.*; *see also* Fletes Decl., ¶¶ 9-15.

Here, defendant has made a "substantial threshold showing" that the privilege is applicable, and plaintiff has not shown that his interest in obtaining documents concerning an unrelated grievance about protective equipment and/or grievances in which no misconduct was found are sufficient to outweigh the privilege.  Generally, when the disputed documents have little or no relation to plaintiff's claims, compelling their disclosure is not warranted.  *See, e.g., Baugh v. Martin*, 2023 WL 2628611 (C.D. Cal. Feb. 29, 2023) ("But documents about racial bias, discrimination, and elder abuse—to the extent that those categories may be . . . reflected in grievances having nothing to do with [plaintiff's claims of] excessive force or unconstitutional retaliation—are not proportional to the needs of the case even if they might have marginal relevance.")

In response to RFP No. 3 (internal affairs investigations), defendant invoked the official information privilege and withheld one document, identified by number.  ECF No. 26 at 21-22. Defendant has filed a declaration by K. Nash, a Labor Relations Analyst at MSCP, who is "familiar with the ways in which disclosure of confidential information would significantly hinder CDCR staff members' ability to investigate [inmate] claims and would discourage participation from inmate and staff witnesses."  ECF No. 31, Def's Exhibit B at 19.  In the attached privilege log, defendant asserts the official information privilege for one identified

responsive document, which Nash declares is not related to plaintiff's claims and resulted in no action taken against defendant Jenkins. *Id.* (Nash Decl., ¶ 6.) As with RFP Nos. 1 and 2, defendant relies on Nash's declaration that the document contains confidential third-party information and, if disclosed, would hinder officials' ability to conduct investigations. *Id*. at 24; *see also* Nash Decl., ¶¶ 7-13. Here too, defendant has made a "substantial threshold showing" that the privilege is applicable, and plaintiff has not shown that his interest in obtaining a document concerning an unrelated investigation, and which resulted in no action against Jenkins, is sufficient to outweigh the privilege.

In response to RFP No. 4 (PREA cases), defendant invoked the privilege and withheld two reports, identified by number. ECF No. 26 at 22. Defendant has filed a declaration by A. Smith, Acting Investigative Sergeant for PREA investigations at MCSP. ECF No. 31, Exhibit C. Smith located three responsive documents concerning PREA investigations into Jenkins. *Id*., Smith Decl. at ¶ 3. For one matter, no documents were located after a diligent search. *Id*., Smith Decl. at ¶ 5. As to the other two, Smith declares that they "are not related to inmate Gosztyla or his claims, and the allegations were not sustained. No adverse action was taken against Jenkins as a result of either PREA investigation." *Id*., Smith Decl. at ¶ 6. Smith declares that the two responsive documents contain confidential investigatory information and, if disclosed, would hinder officials' ability to conduct "very sensitive" PREA investigations. *Id*., Smith Decl. at ¶¶ 6-15. Defendant has made a "substantial threshold showing" that the privilege is applicable, and plaintiff has not shown that his interest in obtaining two reports of PREA investigations unrelated to his claims, and which resulted in no action against Jenkins, is sufficient to outweigh the privilege.

### 2. *Other Requests*

As to RFP Nos. 5 and 6 (state and federal lawsuits), defendant objected that such documents were not relevant and in any event were available to plaintiff via the internet. ECF No. 26 at 23. Defendant does not address how readily available internet searches are to plaintiff, who is

////

////

8

incarcerated and proceeding pro se.[1]  Further, this court has previously rejected the so-called "Equal Access" objection, noting that "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request."  *Greenly v. Lee*, No. 06-cv-1775, 2008 WL 298822, at *3 (E.D. Cal., Feb. 1, 2008) (quoting *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000)); *see also National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP,* 256 F.R.D. 678, 682 (C.D. Cal, 2009); *City Consumer Servs. v. Home*, 100 F.R.D. 740, 747 (D. Utah 1983) (stating that it is "not usually a ground for objection that the information is equally available to the [requestor] or is a matter of public record." (citing *Petruska v. Johns Manville*, 83 F.R.D. 32, 35 (E.D. Pa. 1979)); *Associated Wholesale Grocers Inc. v. United States*, No. 86-cv-2261, 1989 WL 110300, at *3 (D. Kan. June 7, 1989) (rejecting defendant's argument of equal accessibility).  Accordingly, defendant shall respond to RFP Nos. 5 and 6, limited to cases that involve similar claims as the instant action.

In response to RFP No. 7 (video footage), defendant stated that, after a diligent search, he has not located any responsive document and does not believe any to exist.  The court will not compel disclosure of these documents.

**IV.   Order**

1.  Based on the foregoing, plaintiff's motion to compel (ECF No. 26) is GRANTED in part and DENIED in part, as follows:

    a.  Within 21 days of the date of this order, defendant shall provide the information requested by plaintiff in Interrogatories Nos. 1-6, insofar as it alleges or concerns similar conduct, behavior, or circumstances as in the operative claims in this case and/or involves legal claims under the First, Fourth, or Eighth Amendment; and

    b.  Within 21 days of the date of this order, defendant shall provide the

---

[1] This court has noted that "[r]arely are responsive documents 'equally available' to pro se prisoner plaintiffs." *Jacques v. Brahney,* 2:21-cv-0143-TLN-EFB, 2022 WL 977040, *2 (E.D. Cal., March 21, 2022) (requiring defendants certify to the court that plaintiff has been granted access to the documents referenced in their responses).

information requested by plaintiff in RFP Nos. 5 and 6 (state and federal lawsuits), limited to cases that involve similar claims as the instant action;

c.   The motion is otherwise denied.

Dated: January 22, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE