UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA, | No. 2:22-cv-01706-DJC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| A. JENKINS, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The case proceeds on plaintiff's claims that defendant Jenkins, an officer at Mule Creek State Prison (MCSP), improperly searched plaintiff in violation of the Fourth and Eighth Amendments and retaliated against him in violation of the First Amendment. *See* ECF No. 1 at 5-6, 10; ECF No. 7 at 2-3. Before the court is defendant's motion for summary judgment for failure to exhaust administrative remedies (ECF No. 33), which is fully briefed.[1] ECF Nos. 34 & 35. For the reasons set forth below, it is recommended that the motion be granted and the case dismissed without prejudice.

////

---

[1] Plaintiff has also filed an unauthorized sur-reply "responding to" defendant's reply. ECF No. 36. While the court has reviewed this filing, it is not contemplated by the federal or local rules, and defendant's request to strike it (ECF No. 38) will be granted.

1

I.  **Plaintiff's Complaint**

Plaintiff alleges that, between November 2019 and January 2020, defendant Jenkins conducted improper searches by taking plaintiff out of the dining hall line, pulling plaintiff's shirt collar until it choked him, putting his knee in plaintiff's "anal region," groping plaintiff's crotch for an unnecessarily lengthy time, and making lewd comments after the searches.  ECF No. 1 at 5. Plaintiff further alleges that, after he filed a grievance against defendant in April 2020 about a different incident, defendant pulled out his baton in a threatening manner and said: "You want to write me up?  I'll beat your ass."  *Id.* at 10.  In its screening order, the court determined that plaintiff stated potentially cognizable claims that defendant Jenkins "improperly searched plaintiff in violation of the Fourth and Eighth Amendments, and also retaliated against plaintiff in violation of the First Amendment."  ECF No. 7 at 2.  The court dismissed various other claims with leave to amend, and plaintiff chose to proceed on the two claims described above.  ECF Nos. 7 & 10.

II.  **Legal Standards**

A. **Summary Judgment under Rule 56**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R.

2

Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law

will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court focuses on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the disputed fact, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252.

The court does not determine witness credibility. It believes the opposing party's evidence and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita,* 475 U.S. at 587. Inferences, however, must be reasonable and cannot be supported by only conclusory statements. Instead, they must be predicated on "significant probative evidence." *Barnes v. Arden Mayfair, Inc.,* 759 F.2d 676, 680-81 (9th Cir. 1985), citing *Mutual Fund Investors, Inc. v. Putnam Management Co.,* 553 F.2d 620, 625 (9th Cir.1977)*.* If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that

4

case, the court must grant summary Judgment.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust his administrative remedies before he commences suit. *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

In order to defeat a properly supported motion for summary judgment based on a prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with some evidence showing" that he has either (1) properly exhausted his administrative remedies before filing suit or (2) "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5) (9th Cir. 1996)); *Jones*, 549 U.S. at 218. "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). If there is at least a genuine issue of material fact as to whether the administrative remedies were properly

exhausted, the motion for summary judgment must be denied. *See* Fed. R. Civ P. 56(a). When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by *Albino*, 747 F.3d at 1168-69. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." *Albino*, 747 F.3d at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id*. at 1171.

### C. CDCR Grievance Procedure

In June 2020, the California Department of Corrections and Rehabilitation ("CDCR") provided an administrative remedy for inmates challenging "health care policies, decisions, actions, conditions, or omissions that have a material adverse effect on their health or welfare. Cal. Code Regs. tit. 15, § 3999.226(a). A grievance is initiated by completing a CDCR 602 HC form that contains "all information known and available to him or her regarding the issue" including "any involved staff member's last name, first initial, title or position, and the date(s) and description of their involvement." Cal. Code Regs. tit. 15, § 3999.227(g). Health care grievances are reviewed at the institutional level and then at the headquarters' level if the inmate is dissatisfied with the institutional response. Cal. Code Regs. tit. 15, § 3999.226(a)(1); Cal. Code Regs. tit. 15, § 3999.228 (Institutional Level Health Care Grievance Review"); Cal. Code Regs. tit. 15 § 3999.230 (Headquarters' Level Health Care Grievance Appeal Review). To properly exhaust administrative remedies, an inmate must receive a disposition at the headquarters' level of review. Cal. Code Regs. tit. 15, § 3999.226(g).

### III. Facts Regarding Exhaustion

The alleged incidents giving rise to this lawsuit occurred between November 1, 2019 and January 1, 2020, when defendant, Officer Jenkins, was employed as correctional officer at MSCP. ECF No. 1 at 3, 5. Plaintiff alleges that, during that period, the searches that are the subject of the complaint took place "every day Officer Jenkins was on duty[.]" ECF No. 1 at 5.

////

At his July 25, 2023 deposition, plaintiff testified that he filed a grievance ending in 1806 on April 15, 2020. ECF No. 33-4 at 10. Records submitted by defendant[2] also indicate that, on April 15, 2020, plaintiff submitted grievance No. MCSP-C-20-01806 ("No. 1806"). That grievance claims that defendant falsified a disciplinary write-up ("RVR") about an April 5, 2020 incident in which plaintiff disobeyed orders to shut his door. ECF No. 33-4 at 7-8; *see* ECF No. 33-5 at 18 (April 5, 2020 RVR). Plaintiff asserted in No. 1806 that defendant made false statements in the RVR and "has targeted me in the past for other issues," including that "he pulled me out of the chow line every day for over a month and would use unnecessary force and touching during his searches." ECF No. 33-5 at 7. The relief plaintiff requested was "that the RVR be removed and voided from my file." ECF No. 33-5 at 7.

As No. 1806 went through the stages of administrative appeal, the review focused on the RVR concerning the April 5, 2020 door-shutting incident. On May 15, 2020, a first level reviewer stated that plaintiff was challenging an RVR for "disobeying an order" and was "requesting the RVR be reversed and removed from his file." ECF No. 33-5 at 11. The reviewer stated that plaintiff had been interviewed on May 8, 2020 and was "given the opportunity to provide additional information and/or to clarify the issues under review. The appellant . . . stated he had no new information to add to his appeal." ECF No. 33-5 at 11.

On June 12, 2020, a second level reviewer stated that No. 1806 concerned an April 5, 2020 RVR "for the specific act of disobeying an order. The appellant is claiming that Correctional Officer A. Jenkins never ordered him to close the door… The appellant is requesting that the RVR be reversed and removed from his file." ECF No. 33-5 at 9.

On August 13, 2021, the Office of Appeals issued a decision stating that plaintiff had exhausted his administrative remedies for No. 1806. ECF No. 33-5 at 4.

At his deposition, plaintiff testified that, on September 19, 2021, he filed a second grievance against defendant, No. 165720, about the handling of No. 1806. ECF No. 33-4 at 21-

---

[2] The court takes judicial notice of the inmate grievance records attached to the declaration of litigation coordinator Dawn Santos as Exhibit A and maintained in the regular course of business by CDCR. ECF No. 33-5 at 4-19.

7

22; *see also* ECF No. 1 at 8 ("I submitted a new grievance log, No. 165720, to challenge the fact that I received improper rulings.").

Plaintiff testified that he pursued remedies for the April 2020 RVR because "the only thing I ever wanted was not to have a write-up on my report. I was willing to put up with whatever he did as long as he didn't give me some sort of write-up, 'cause that stays with me and that affects my parole hearing." ECF No. 33-4 at 14. When asked why he did not request any administrative action related to the searches that are the subject of this action, he stated: "The only thing I wanted was for the RVR to be reversed." ECF No. 33-4 at 13.

Plaintiff also testified that, at some point between April 15, 2020 and April 30, 2020, shortly after he filed No. 1806, he approached defendant in the yard and asked to speak with him. ECF No. 33-4 at 15-17; *see also* ECF No. 1 at 10. Plaintiff testified that defendant pulled out his baton and said, "If you're gonna write me up . . . I'll take care of you. I'm gonna beat your ass." ECF No. 33-4 at 17. Plaintiff testified that defendant's comment made him fear for his safety and dissuaded him from filing a grievance about this incident. ECF No. 34-4 at 19-20.

**IV.    Analysis**

Defendant asserts that No. 1806, which requested reversal of an April 2020 RVR, did not exhaust plaintiff's federal claims of unconstitutional searches and retaliation. Plaintiff counters that this No. 1806 served to exhaust at least the search-related claims, since in it he mentioned that defendant pulled him out the chow line "and would use unnecessary force and touching during his searches." ECF No. 33-5 at 7. Plaintiff mentioned several other issues with defendant in No. 1806 ("There are other incidents as well . . ."), but he only requested one type of relief: "that the RVR be removed and voided from my file." ECF No. 33-5 at 8.

Despite the language plaintiff points to in No. 1806, it cannot be said to put prison officials on notice of a Fourth or Eighth Amendment claim, since it does not request any relief related to being pulled out of the chow line and searched. Rather, the only relief sought concerns the allegedly falsified RVR. The Ninth Circuit has established that "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). When a grievance does not

"provide enough information . . . to allow prison officials to take appropriate responsive measures," it is insufficient to exhaust a claim. *Id.* at 1121 (citation and internal quotation marks omitted). Here, when given the opportunity to clarify the issues in No. 1806, plaintiff said nothing about the chow line searches, nor requested any relief from them. At his July 2023 deposition, he testified that the only remedy he cared about was not having a disciplinary report in his file that affected his parole. Because it does not request any remedy related to alleged searches, and only mentions them in passing while focusing on a false RVR, No. 1806 does not serve to exhaust his search-related claims.[3]

Alternatively, plaintiff asserts that he did not file grievances related to his federal claims due to fear of retaliation by defendant. Plaintiff argues that "since [he] was intimidated and felt threatened right from the beginning, it leaves the issue of filing grievances moot." ECF No. 34 at 2. Defendant counters that plaintiff has not shown he felt too intimidated to file grievances, since "it is undisputed that he continued to pursue and obtain other administrative remedies against Defendant after the purported threats were made [in April 2020], including explicitly accusing Defendant of perjury in the subsequent requests for review." ECF No. 33-1 at 11.

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. at 204, 216. It is the defendant's burden "to prove that there was an available administrative remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). The burden then shifts to the plaintiff to show that the administrative remedies were unavailable. *Id.* A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. *Id.*

"[T]he threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable and thereby excuse a prisoner's failure to exhaust administrative remedies." *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015). In *McBride*, the Court of Appeals noted:

> To show that a threat rendered the prison grievance system unavailable, a prisoner must provide a basis for the court to find that

---

[3] It is undisputed that plaintiff did not file a grievance about his retaliation claim.

> he actually believed prison officials would retaliate against him if he filed a grievance. If the prisoner makes this showing, he must then demonstrate that his belief was objectively reasonable. That is, there must be some basis in the record for the district court to conclude that a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance.

*Id.* Physical violence or explicit threats of punishment for filing a grievance can satisfy the objective prong. *Sealy v. Busichio*, 696 F. App'x 779, 780-81 (9th Cir. 2017).

Here, plaintiff filed two grievances against defendant, the first in April 2020 and the second in September 2021. Defendant's alleged threatening statements in late April 2020 did not prevent plaintiff from participating in the multi-level grievance process for No. 1806 over the following months, until exhausting his remedies for the false RVR claim in August 2021. Nor did these alleged threats prevent him from filing a new grievance against defendant shortly after exhausting the first one, again concerning the April 2020 RVR. In short, after defendant allegedly deterred him from filing grievances with a verbal threat, plaintiff spent the next year and a half pursuing inmate grievances against defendant in connection with an allegedly false RVR in his file. Though the objective prong is met by defendant's alleged threat, plaintiff has not met the subjective prong, *i.e.*, "provide[d] a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance." *McBride*, 807 F.3d at 987. Because plaintiff has not shown that administrative remedies were effectively unavailable for his federal claims, and did not exhaust administrative remedies for these claims, defendant is entitled to summary judgment.

Accordingly, IT IS HEREBY ORDERED THAT defendant's request to strike plaintiff's unauthorized sur-reply (ECF No. 38) is granted.

IT IS HEREBY RECOMMENDED THAT defendant's motion for summary judgment (ECF No. 33) be granted and this case dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 23, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE