UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA, | No. 2:22-cv-01706-DJC-EFB |
| Plaintiff, | |
| v. | ORDER |
| A. JENKINS, et al., | |
| Defendants. | |

On September 27, 2024, the Court adopted the Findings and Recommendations of the Magistrate Judge, granted Summary Judgment, and directed the Clerk of the Court to close this case. (ECF No. 44.) Final Judgment was entered as a result. (See ECF No. 45.) Plaintiff subsequently filed a "Motion to Alter or Amend Judgment or Relief from a Final Judgment" under Federal Rules of Civil Procedure 59(e) and 60(b). (Mot. (ECF No. 46).) Therein, Plaintiff argues that the Court improperly granted summary judgment as to his First and Third claims against Defendant Jenkins. (Mot. at 1–3.) Plaintiff also contends that his Second claim was dismissed in error, and without Plaintiff's knowledge or notice given." (Mot. at 2–3.)

Generally, a motion for reconsideration is most appropriately brought under Rule 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly

discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) permits the Court to relieve a party from final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

As to Plaintiff's First and Third causes of action, Plaintiff has not established grounds for reconsideration or relief from final judgment. The Findings and Recommendations considered and addressed Plaintiff's evidence and arguments regarding the exhaustion of these claims. (ECF No. 41 at 8–10.) They further addressed Plaintiff's arguments regarding the objective fear prong. (*Id.* at 10.) Plaintiff's Motion thus does not identify newly discovered evidence, clear error, or an intervening change in law that would justify reconsideration under Rule 59. It also does not identify any basis for relief from final judgment under Rule 60. Plaintiff's Motion as to these claims is denied.

As to Plaintiff's assertion that his Second claim was dismissed in error and without notice, this is inaccurate. As stated in his Complaint, Plaintiff's Second claim asserted First and Fourteenth Amendment violations based on a rules violation report submitted against him by Defendant Jenkins and the events during the subsequent disciplinary and grievance proceedings. (ECF No. 1 at 4–4B.) These allegations were fully addressed in the Magistrate Judge's initial screening order. (ECF No. 7 at 3.) The Magistrate Judge found that Plaintiff had not stated a cognizable claim on these facts. (*Id.*) Plaintiff was granted leave to amend to state a claim on this basis if he wished to

do so. (*See id.* at 3, 5.) But Plaintiff elected to forgo the opportunity to file an amended complaint and instead asked that he be permitted to proceed on the claims in the Complaint that the Court had determined were cognizable as alleged. (ECF No. 10.) As explicitly stated in the Notice filed by Plaintiff, Plaintiff chose to proceed on his claims "that defendant Jenkins improperly searched plaintiff in violation of the Fourth and Eighth Amendments and also retaliation against plaintiff in violation of the First Amendment." (*Id.*) Thus, Plaintiff's Second claim was not dismissed in error and without notice but as a result of the Magistrate Judge's screening and Plaintiff's own election to proceed on only his cognizable claims. Plaintiff's Motion on this basis is also denied.

Accordingly, Plaintiff's Motion to Alter or Amend Judgment and Relief from a Final Judgment (ECF No. 46) is DENIED.

IT IS SO ORDERED.

Dated:   **September 15, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – gosztyla22cv01706.reopen

3